IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:19-cv-33

| | | |
|---|---|---|
| GABRIELLE SCHWARZE, | ) | |
| | ) | |
| Plaintiff, | ) | **NOTICE OF REMOVAL** |
| | ) | **TO FEDERAL COURT** |
| vs. | ) | |
| | ) | |
| CAROLINA MEN'S CLINIC, P.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLEASE TAKE NOTICE**, pursuant to 28 U.S.C. § 1331, § 1441 and § 1446, that Defendant Carolina Men's Clinic, P.A. ("Defendant") hereby gives Notice of Removal of the above-styled action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina (Case No. 18-CVS-24066) to the United States District Court for the Western District of North Carolina, Charlotte Division.

In support of this action, Defendant shows the Court the following:

1.   On December 21, 2018, Plaintiff Gabrielle Schwarze ("Plaintiff") filed the above-referenced state court action alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendant was served with Plaintiff's Summons and Complaint on December 26, 2018.

2.   This Notice of Removal is being filed within thirty (30) days of receipt of the Summons and Complaint by Defendant and is timely filed pursuant to 28 U.S.C. § 1446(b).

3.   Venue is proper pursuant to 28 U.S.C. § 1441(a) and (c).

4.   This Court has original jurisdiction under the provisions of 28 U.S.C. § 1331.

5.      Removal is proper pursuant to 28 U.S.C. § 1441(a) insofar as the underlying action is a civil action arising under the Constitution, treaties or laws of the United States, and particularly 42 U.S.C. § 2000e *et seq*.

6.      By removing this case to federal court, Defendant does not waive any available defenses or admit any of the allegations in Plaintiff's Complaint.

7.      Pursuant to 28 U.S.C. § 1446(a), all pleadings, processes, and orders that have been served upon Defendant in the State Court Action are attached to this Notice as **Exhibit A**.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of Mecklenburg County, North Carolina,

WHEREFORE, Defendant Carolina Men's Clinic, P.A. respectfully requests that the above-styled action pending in the North Carolina Superior Court, Mecklenburg County, be removed to this Court.

Respectfully submitted this 23rd day of January, 2019.

 s/Patrick E. Kelly
Patrick E. Kelly, NC State Bar #16703

 s/Mary Fletcher S. King
Mary Fletcher S. King, NC State Bar #47864
JOHNSTON, ALLISON & HORD, P.A.
1065 East Morehead Street
Charlotte, North Carolina 28204
Telephone:     704/332-1181
Facsimile:     704/376-1628
pkelly@jahlaw.com; mking@jahlaw.com
Attorneys for Defendant

# STATE OF NORTH CAROLINA

MECKLENBURG County

File No.
18-CVS- 24066

▶ In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
Gabrielle Schwarze

**Address**
18919 Lakehouse Pointe Dr.

**City, State, Zip**
Cornelius, NC 28031

**VERSUS**

**Name Of Defendant(s)**
Carolina Men's Clinic, P.A.

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

## To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
Carolina Men's Clinic, P.A.
C/O Hunter J. Hansen, Registered Agent
10042 Park Cedar Drive, Suite B
Charlotte, NC  28210

**Name And Address Of Defendant 2**

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales.
¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)**
Gabrielle Schwarze
18919 Lakehouse Pointe Dr.
Cornelius, NC  28031

**Date Issued** 12.121 2018

**Time** 11:42 ☒ AM ☐ PM

**Signature**
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**

**Time** ☐ AM ☐ PM

**Signature**
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

**EXHIBIT
A**

| | | RETURN OF SERVICE | |
|---|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

FILED

2018 DEC 21 A 11:42

MECKLENBURG COUNTY

| File No. | 24 60VL | 18-CVS- |

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**GENERAL**

**CIVIL ACTION COVER SHEET**
☒ INITIAL FILING          ☐ SUBSEQUENT FILING

*Name And Address Of Plaintiff 1*
Gabrielle Schwarze

*Name And Address Of Plaintiff 2*

**VERSUS**

*Name Of Defendant 1*
Carolina Men's Clinic, P.A.

*Summons Submitted* ☒ Yes ☐ No

*Name Of Defendant 2*

*Summons Submitted* ☐ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

Rule 5(b), General Rules of Practice For Superior and District Courts

*Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)*

Gabrielle Schwarze
18919 Lakehouse Pointe Dr.
Cornelius, NC 28031

| *Telephone No.* | *Cellular Telephone No.* 704-787-0209 |

| *NC Attorney Bar No.* | *Attorney E-Mail Address* gabrielle.schwarze19@gmail.com |

☐ Initial Appearance in Case          ☐ Change of Address

*Name Of Firm*

*FAX No.*

*Counsel for*
☐ All Plaintiffs  ☐ All Defendants  ☐ Only *(list party(ies) represented)*

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING

*(check all that apply)*

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNJF)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

*(check all that apply)*

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☒ Other *(specify and list each separately)*
    Gender Discrimination
    Sexual Harassment
    Wrongful termination
    Retaliation
    Breach of Contract of terms of former settlement agreement ⊞

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts

(Over)

Case 3:19-cv-00033-RJC-DCK   Document 1   Filed 01/23/19   Page 5 of 24

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA)<br>☐ Appointment Of Receiver (APRC)<br>☐ Attachment/Garnishment (ATTC)<br>☐ Claim And Delivery (CLMD)<br>☐ Collection On Account (ACCT)<br>☐ Condemnation (CNDM)<br>☐ Contract (CNTR)<br>☐ Discovery Scheduling Order (DSCH)<br>☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State<br>Convictions (PLDP)<br>☐ Medical Malpractice (MDML)<br>☐ Minor Settlement (MSTL)<br>☐ Money Owed (MNYO)<br>☐ Negligence - Motor Vehicle (MVNG)<br>☐ Negligence - Other (NEGO)<br>☐ Motor Vehicle Lien G.S. 44A (MVLN)<br>☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD)<br>☐ Real Property (RLPR)<br>☐ Specific Performance (SPPR)<br>☑ Other (specify and list each separately) |

| Date | Signature Of Attorney/Party |
|---|---|
| 12/17/18 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

**STATE OF NORTH CAROLINA**

**MECKLENBURG COUNTY**

**GABRIELLE SCHWARZE,**

       **Plaintiff,**

vs.

**CAROLINA MEN'S CLINIC, P.A.**

       **Defendant.**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**

**CASE NO.:  18-CVS-24066**

**COMPLAINT**
**(Jury Trial Requested)**

)
)
)
)
)
)
)
)
)
)

## I. INTRODUCTION

This action arises under North Carolina law for gender discrimination, sexual harassment and the wrongful termination of Plaintiff's employment with Defendant, Carolina Men's Clinic, P.A. (hereafter "CMC"). Plaintiff's termination gives rise to claims for retaliation under state and federal law, and for wrongful termination in violation of public policy under North Carolina law. Plaintiff also brings claims for breach of contract for the CMC violation of the terms of a settlement agreement.

## II. PARTIES

1.      Plaintiff Gabrielle Schwarze ("Schwarze") is a resident of Charlotte, Mecklenburg County, North Carolina, and at all times relevant to this action was an employee of Defendant CMC.

2.      Defendant Carolina Men's Clinic (hereafter "CMC") is, on information and belief, a member-managed professional association organized under the laws of the State of North Carolina, which at all times relevant to this action has maintained a registered office and has been doing business in Mecklenburg County, North Carolina.

1

3.      Defendant CMC provides health care and other services to citizens of North Carolina. It has multiple locations in the Charlotte area. At the time of Plaintiff's employment it had a Lake Norman and a South Charlotte (Pineville) office.

## III. JURISDICTIONAL STATEMENT

4.      This Court has personal jurisdiction over Defendants, and venue is proper in Mecklenburg County.

5.      Plaintiff Schwarze seeks damages greater than $25,000 such that the total amount in controversy for this matter is in excess of $25,000. Subjection matter jurisdiction is properly vested in the Superior Court Division pursuant to N.C. Gen. Stat. § 7A-243.

## IV. FACTUAL STATEMENT

6.      Plaintiff Schwarze is female. She earned a B.S. degree from the University of North Carolina at Charlotte, and was certified as a Medical Clinical Assistant in 2009.

7.      Prior to working at CMC, Ms. Schwarze held positions as a medical assistant, nurse and in pharmaceutical sales.

8.      Plaintiff Schwarze was hired by Steven Fennell, then CMC's Lake Norman Office Manager, in November, 2014. Ms. Schwarze was employed at Carolina Men's Clinic as a pharmaceutical sales consultant, also known as a patient counselor. Ms. Schwarze was initially employed at the Lake Norman location.

9.      Ms. Schwarze's general duties as a pharmaceutical sales consultant/ patient counselor included patient booking and scheduling, collections, calls for patient follow up and laboratory results, patient orders and adjustments, addressing patient generalized concerns, and in house management of patient concerns during times management was not present. During her tenure, Ms. Schwarze was often complimented on her exceptional teamwork. At one time or another she

2

helped every team member within the office.

10.     Ms. Schwarze continually followed company protocol and procedures and adapted to and implemented changes which were addressed by management during regular staff meetings.

11.     Ms. Schwarze was a top producer among the patient counselors for the company. At the time of her termination Ms. Schwarze had worked for CMC for sixteen months. She produced over $1 million dollars in total sales, creating 9.6 thousand totals for the year of 2015. Plaintiff was paid on a salary and commissions (also referred to as a bonus) basis.

**Gender Discrimination at CMC**

12.     During her employment, Plaintiff Schwarze was discriminated against and harassed by and observed discriminatory and harassing treatment of female employees by Assistant Manager Nate Myers.

13.     Nate Myers repeatedly and pervasively sexually harassed Plaintiff and other female employees of CMC.

14.     Myers' harassment toward Plaintiff Schwarze included unwanted sexual advances, comments about her appearance and body, and making unwanted physical contact with her. Myers often walked by Schwarze and rubbed himself against her, sometimes touching her with his penis looking to see if there was any reaction from her. Myers repeatedly made unwanted sexual remarks to Plaintiff, talking about his sexual interest in her and in other female employees, and other female's alleged interest in him. Myers made profane remarks such as "f____ing the s___" out of someone. Myers repeatedly asked Schwarze about modeling pictures of her, and frequently made sexual comments regarding her online social media photographs.

15.     Myers pressured Plaintiff to send him photos of her.

3

16.     Plaintiff Schwarze consistently rejected Myers' sexual harassment, including rejecting his requests for photos, inappropriate sexual remarks, sexual comments, and his sexual advances.

17.     Myers initially ignored Schwarze's rejection of his overtures. He repeatedly failed to "take no for an answer" and persisted in his sexual harassment.

18.     Eventually, after many weeks when Schwarze refused to engage with Myers in any sexual interaction, he turned hostile. He began issuing Plaintiff write-ups, which CMC called Disciplinary action Forms (DAF), which were based on false allegations. He asked her inappropriate and abusive questions, such as asking on a day when she returned from sick leave, "what did you do, go get an abortion?"

19.     Beginning in or about August, 2015, Myers repeatedly and falsely accused Schwarze of violations of CMC policies and procedures.

20.     Eventually, in September 2015, and in retaliation for Plaintiff's rejection of his sexual overtures and comments, Myers threatened Plaintiff's employment.     Myers harassment of Plaintiff, threats to terminate her employment, and abusive use of the discipline system caused Plaintiff significant emotional distress

**Schwarze' Complaints and the Immediate Retaliation**

21.     On September 30, 2015, Plaintiff reported her concerns about Nate Myers to the U.S. Equal Employment Opportunity Commission ("EEOC") at the EEOC's Charlotte District Office.

22.     That same day, on September 30, 2015, Plaintiff reported her concerns about Nate Myers to CMC's Human resources director, Angela Carlson.  Plaintiff included in her report extensive details of the sexual harassment she had undergone at the hands of Nate Myers and his hostile and discriminatory treatment of her, as well as his false allegations about her performance.

4

23.     On October 1, 2015, Plaintiff was suspended from employment, allegedly for performance issues. The suspension was based on the retaliatory write-ups issued to Schwarze by Nate Myers. Myers' allegations of work performance deficiencies were either false or discriminatory, in that other employees who engaged in the same conduct or worse conduct, for which Plaintiff Schwarze was disciplined, were not disciplined. For example, Plaintiff was falsely accussed of leaving work at 4:45 on September 30 and not returning, yet in fact she did return and worked into that evening.

24.     On October 2, 2015, Ms. Schwarze filed an EEOC Charge, which states that beginning in August, 2015 her supervisor harassed her and created a hostile working environment. Ms. Schwarze' Charge notes that she reported her supervisor's conduct to Human Resources on September 30, 2015, and that the very next day she was suspended by the supervisor. Her Charge alleges discrimination based on sex and retaliation.

25.     Shortly after Schwarze filed her complaint against Myers, he was terminated by CMC.

26.     Ms. Schwarze sought to put the harassment behind her by entering into a Settlement Agreement, Waiver and Release (the "Release") which was presented to her by CMC. As a part of that release, CMC agreed to expunge all "Employee Disciplinary Action Forms" and "Employee Notes" written by Nate Myers from Schwarze' personnel file, and agreed to provide at least a neutral reference. Ms. Schwarze signed the Release of her claims in November, 2015. Ms. Schwarze settled her claims in part because she hoped to remain employed with CMC for a long time.

27.     On January 4, 2016, the EEOC issued a notice that it would discontinue processing the Charge Ms. Schwarze had filed.

5

## The Second Wave of Retaliation

28.    Following her complaints to CMC regarding sexual harassment, her filing of an EEOC charge alleging discrimination, and the signing of the release agreement, CMC and its managing officials began a campaign of harassment against Ms. Schwarze. These acts included violating the terms of the Release Agreement.    CMC's harassment and acts of retaliation and continued gender discrimination included the following:

> a)    Ms. Schwarze was involuntarily transferred to the South Charlotte office, following her filing of the EEOC charge against CMC.    The articulated reason was that the Company wanted the two top producers, Ms. Schwarze and Hiba Fyad, working together at the same office.    This transfer to the South Charlotte CMC office resulted in a far longer commute for Ms. Schwarze, who ended up commuting over one and half hours each day. In spite of the difficult working conditions, Ms. Schwarze continued to be a top producer in the South Charlotte office.
>
> b)    Ms. Schwarze was required to handle certain management related issues at both the Lake Norman office and South Charlotte offices.    These extra job role responsibilities of sales training, receptionist training and performing part of the management duties was clearly retaliation for her protected activities of going to the EEOC and human resources with her concerns about sexual harassment.
>
> c)    At South Charlotte, Ms. Schwarze began to be assigned numerous administrative duties such as new patient booking and scheduling, confirmation calls, promotional calls, accounts receivables, updates in the CRM for medical tracking, and resolving management issues for refunds.    These extra and changed duties, along with the training she was required to conduct, led directly to Ms. Schwarze's commissions decreasing noticeably;
>
> d)    Ms. Schwarze was asked to and did train staff members for all facilities, including the Raleigh, Lake Norman and South Charlotte offices, without receiving any additional pay for that training time.    That training time undercut substantially her ability to earn commissions. The decision to have Ms. Schwarze train more

6

counselors at south Charlotte resulted in a significantly decreased patient load for Ms. Schwarze and thus a decrease in opportunities to make bonnuses. At the Lake Norman office Schwarze had seen as many as 20 patients in a day, while at the South Charlotte office where she only had the opportunity to see a maximum of about three patients daily. She was also denied the opportunity at South Charlotte to see existing patients she had worked with in the past. Moreover, at South Charlotte she was at times taken out of the patient rotation and assigned to work the telephones for sales purposes. These changes in duties were an obvious and deliberate decision to decrease Ms. Schwarze's ability to bring in revenue and build a case against her that she was not producing.

e) On January 15, 2016, Ms. Schwarze was given a written "Disciplinary Action Form" by Manager Robert Silver. The DAF accuses Ms. Schwarze of "[f]ailure to follow instructions on properly managing patient's consultation, discharge and rescheduling," and provides the following details: "[f]ailure to consult manager and physician when confronted with pts with low results," "[f]ailure to provide prompt service to patients when directed, for Pt safety and Pt flow." The DAF also states "[v]erbal review of PT case with instructions on proper management-multiple." This appears to be a reference to the warnings issued to Ms. Schwarze by her former sexually harassing supervisor, Nate Myers. Ms. Schwarze denies receiving verbal warnings from any other managers. Ms. Schwarze flatly denies the allegations against her provided in the DAF and "Summary."

f) Ms. Schwarze was terminated from her position on February 17, 2016. The termination DAF states that Ms. Schwarze was disciplined for "(1) ordering medication without physician approval and (2) failure to follow discharge procedures." The details allege that she placed an order for medications without the physician's signature and that a patient was discharged without authorization. With respect to the first criticism, Ms. Schwarze cannot dispense medication—and has never done so. She has always followed the required protocol, and has never placed a medication form directly in the lab without the physician's authorization, signature or approval. With respect to the second allegation, Ms. Schwarze followed all orders given to her on the day in question for patients and discharge.

7

In fact, she was told by the Medical Technician in charge of the patient in question that the physician had stated that the patient needed to be discharged.

29. On February 12, 2016, Ms. Schwarze filed a second charge of discrimination with the EEOC against CMC. In their response to the EEOC, Defendant provided multiple falsified documents which purported to have Schwarze' signature, which she had not signed. This lawsuit is filed within 90 days of Ms. Schwarze's receipt of a right to sue letter regarding that charge.

## V. LEGAL CLAIMS

### A. PLAINTIFF'S FIRST CAUSE OF ACTION
*Violation of Title VII, 42 U.S.C. 2000 et seq.*

30. The paragraphs above are incorporated by reference herein.

31. During her tenure with Defendant CMC, Ms.Schwarze has been an excellent employee. She has consistently met and exceeded her employer's legitimate expectations.

32. Under 42 U.S.C. 2000e *et.seq.*, it is unlawful to discriminate against employees on the basis of their gender in any of their terms and conditions of employment, and it is unlawful to retaliate against employees who engage in protected activities.

33. Plaintiff Schwarze has been harassed and terminated in retaliation for her filing of an EEOC charge and her complaints of gender discrimination and sexual harassment.

34. In subjecting Plaintiff Schwarze to discrimination, as outlined above, including but not limited to harassment and termination, Defendant violated Plaintiff's rights under 42 U.S.C. 2000e *et.seq*.

35. Ms. Schwarze has lost wages and benefits which she would have earned had she not been terminated.

8

36.     Plaintiff has also suffered from severe emotional distress, stress, embarrassment, humiliation, and her peace of mind has been disturbed.

37.     As such, Plaintiff is entitled to receive compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00).

38.     The actions of Defendant CMC, as alleged above, were done willfully, wantonly and maliciously in a manner which demonstrates a reckless and wanton disregard of Plaintiff's rights and such conduct entitles the Plaintiff to recover of Defendants, punitive damages in excess of Twenty Five Thousand Dollars ($25,000.00).

## **JURY TRIAL DEMANDED**

WHEREFORE, the Plaintiff Gabrielle Schwarze prays the Court to:

A.     Enter a judgment against Defendant CMC, and to pay Plaintiff actual and compensatory damages as alleged above, in excess of Twenty-five Thousand Dollars ($25,000), as well as punitive damages where alleged above in an amount in excess of Twenty-five Thousand Dollars ($25,000);

B.     Award Plaintiff, where alleged above, all reasonable costs and attorneys' fees incurred in connection with this action;

C.     Award Plaintiff such other and further equitable relief as the Court deems appropriate under the circumstances;

D.     Grant Plaintiff a trial of this matter by a jury.

9

This the 21 day of December, 2018.

Gabrielle Schwarze, *Pro Se* Plaintiff
18919 Lakehouse Pointe Dr.
Cornelius, NC 28031
T: 704-787-0207
Gabrielle.schwarze19@gmail.com

# CERTIFICATE OF SERVICE

The undersigned herby certifies that she is the person of such age and discretion as to be competent to serve process, and has on this date served the foregoing Summons & Compliant in the above-captioned action upon all parties to this cause in the manner indicated below, as provided by the North Carolina Rules of Civil Procedure:

By depositing a copy hereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, via Certified Mail, Return Receipt Requested, addressed as follows:

Carolina Men's Clinic, P.A.
C/O Dr. Hunter J. Hansen, Registered Agent
10042 Park Cedar Drive, Suite B
Charlotte, NC 28210

This the 21st day of December, 2018

Gabrielle Schwarze
18919 Lakehouse Pointe Dr.
Cornelius, N.C 28031
Gabrielle.Schwarze19@gmail.com
PRO SE

NORTH CAROLINA     )  IN THE GENERAL COURT OF JUSTICE
              )  SUPERIOR COURT DIVISION
MECKLENBURG COUNTY   )     18 CVS 24066
              )

GABRIELLE SCHWARZE,    )
              )
    Plaintiff,       )
              )
              )    AFFIDAVIT OF SERVICE
    v.         )
              )
CAROLINA MEN'S CLINIC, P.A.  )
    Defendant.      )
              )
              )

FILED

18 JAN 10 P 4: 29

MECKLENBURG COUNTY, C.S.C.

BY_____

---

The undersigned does hereby depose and say the following:

1.  I am the attorney for the plaintiff in the above-entitled action, which was initially filed pro se.

2.  The Civil Summons was issued by a Deputy Clerk for Mecklenburg County Clerk of Superior Court to plaintiff on December 21, 2018.

3.  A copy of the Civil Summons and Complaint was served and received by the defendant named in paragraph 4 below, as evidenced by the attached receipt of certified mail. *See* Attachment.

4.

| Attachment | Defendant | Served (on or about) |
|:---:|:---:|:---:|
| A | Carolina Men's Clinic, P.A. | December 26, 2018 |

1

This the 10th day January, 2019.

_____
Daniel C. Lyon
Attorney for Plaintiff


Sworn and subscribed before me
this 10th day of January, 2019.

_____
Notary Public

My Commission Expires: 10/13/2021

NATALIE KALMUS
NOTARY PUBLIC
Mecklenburg County, North Carolina
My Commission Expires October 13, 2021

2

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is the attorney for plaintiff and is a person of such age and discretion to be competent to serve process.

That on January 10, 2019, he served a copy of the foregoing document by placing said document in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and its contents in the United States Mail at Charlotte, North Carolina.

**Addressee:**

Patrick E. Kelly
Mary Fletcher King
Johnston, Allison & Hord, P.A.
1065 East Morehead Street
Charlotte, NC 28204

Daniel C. Lyon (N.C. Bar No. 43828)
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave, Suite 200
Charlotte, NC 28203
Phone: (704) 707-3705
Facsimile: (336) 724-3335
Email: dlyon@emplawfirm.com

3

# Attachment A

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Genjo_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>Karla  12-26-18 |

1. Article Addressed to:

Carolina Men's Clinic, P.A.
c/o Dr. Hunter J. Hansen,
10042 Park Cedar Drive
Site B, NC 28210
Charlotte, NC 28210

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

9590 9402 4083 8092 5396 50

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)




PS Form 3811, July 2015 PSN 7530-02-000-9053                 Domestic Return Receipt

---

USPS TRACKING #

9590 9402 4083 8092 5396 50

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Gabrielle Schwarz
18919 Lakehouse Pointe Dr.
Cornelius, NC 28031

| NORTH CAROLINA | ) | IN THE GENERAL COURT OF JUSTICE |
| | ) | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | ) | 18 CVS 24066 |
| | ) | 2019 JAN 10 P 4: 28 |

NORTH CAROLINA ) IN THE GENERAL COURT OF JUSTICE
) SUPERIOR COURT DIVISION
MECKLENBURG COUNTY ) 18 CVS 24066
) 2019 JAN 10 P 4: 28

GABRIELLE SCHWARZE, ) MECKLENBURG COUNTY, C.S.C.
)
Plaintiff, ) BY_____
)
) **NOTICE OF APPEARANCE**
v. )
)
CAROLINA MEN'S CLINIC, P.A. )
Defendant. )
)
)

Daniel C. Lyon of the law firm Elliot Morgan Parsonage, PLLC, hereby gives notice of his appearance as counsel for the plaintiff in the above-captioned case.

This the 10th day of January, 2019.

Daniel C. Lyon (N.C. Bar No. 43828)
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave, Suite 200
Charlotte, NC 28203
Phone: (704) 707-3705
Facsimile: (336) 724-3335
Email: dlyon@emplawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is the attorney for the plaintiff and is a person of such age and discretion to be competent to serve process.

That on January 10, 2019, he served a copy of the foregoing document by placing said document in a postpaid envelope addressed to the persons hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and its contents in the United States Mail at Charlotte, North Carolina.

**Addressee:**

Patrick E. Kelly
Mary Fletcher King
Johnston, Allison & Hord, P.A.
1065 East Morehead Street
Charlotte, NC  28204

Daniel C. Lyon (N.C. Bar No. 43828)
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave, Suite 200
Charlotte, NC 28203
Phone: (704) 707-3705
Facsimile: (336) 724-3335
Email: dlyon@emplawfirm.com

2

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned certifies that a copy of the foregoing pleading was served upon all other parties to this action or their attorneys of record by depositing a copy of the same in a post-paid envelope in an official depository of the United States Postal Service, addressed as follows:

Daniel C. Lyon
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave, Suite 200
Charlotte, NC 28203
Attorney for Plaintiff

  Respectfully submitted this 23rd day of January, 2019.

       s/Patrick E. Kelly
       Patrick E. Kelly, NC State Bar #16703

       s/Mary Fletcher S. King
       Mary Fletcher S. King, NC State Bar #47864
       JOHNSTON, ALLISON & HORD, P.A.
       1065 East Morehead Street
       Charlotte, North Carolina 28204
       Telephone:  704/332-1181
       Facsimile:  704/376-1628
       pkelly@jahlaw.com; mking@jahlaw.com
       Attorneys for Defendant